IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


MARCELINE HOPE ENGLER                                    PLAINTIFF


v.                              CIVIL NO. 26-5120


U.S. DEPARTMENT of HOUSING                               DEFENDANT
and URBAN DEVELOPMENT


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Marceline Hope Engler, ("Engler"), filed this action alleging that The U.S. Department of Housing and Urban Development (HUD) erred in determining that housing decisions based on gender identity are not subject to fair housing laws. (ECF No. 8, p. 4). Engler proceeds *pro se* and *in forma pauperis* ("IFP"). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable David Clay Fowlkes, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Amended Complaint (ECF No. 8) under 28 U.S.C. § 1915(e)(2).

## I.    BACKGROUND

Engler filed her original Complaint on May 28, 2026. (ECF No. 1).  By Order dated May 29, 2026, the Court granted Engler's motion to proceed IFP and directed her to file an Amended Complaint. (ECF No. 7). Engler filed her Amended Complaint on June 4, 2026. (ECF 8). In her Amended Complaint, Engler alleges that HUD erred in finding that housing decisions based on

gender identity are not covered by the Fair Housing Act and violates Title II of the Civil Rights Act. (ECF No. 8, p. 4).

## II.    APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i-iii).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes,* 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  "[I]f the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004).

2

### III.    DISCUSSION

The claim asserted in the Amended Complaint is subject to dismissal because HUD is immune from suit.  HUD is an agency of the United States.  Absent a waiver, the United States and its agencies are protected from suit by sovereign immunity.  *FDIC v. Meyer,* 510 U.S. 471, 475 (1994).  To sue the United States, Plaintiff must show both a waiver of sovereign immunity and the existence of subject matter jurisdiction.  *V S Ltd. P'ship v. Dep't of Housing and Urban Dev.,* 235 F.3d 1109, 1112 (8th Cir. 2000). While *Bivens* makes federal actors liable for constitutional violations, it does not extend to federal agencies.  *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971) (implied a cause of action against federal agents for constitutional violations); *F.D.I.C. v. Meyer,* 510 U.S. 471, 485-86 (1994) (declining to extend *Bivens* to federal agencies).  Because money damages are sought, the waiver of sovereign immunity found in the Administrative Procedures Act does not apply, 5 U.S.C. §§ 701-706.[1]  Thus, the HUD is immune from suit.

### IV.    CONCLUSION

For these reasons, it is recommended that this case be **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915(e)(2).

**Status of Referral:   Entry of this Report and Recommendation terminates the referral.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

---

[1] The Tucker Act, 28 U.S.C. § 1491, waives sovereign immunity as to certain suits for money damages, but vests exclusive jurisdiction over all suits seeking money damages exceeding $10,000 in the Court of Federal Claims.

reminded that objections must be both timely and specific to trigger de novo review by the district court.

      **RECOMMENDED** this 15th day of June 2026.


                s/ *Christy Comstock*
                CHRISTY COMSTOCK
                UNITED STATES MAGISTRATE JUDGE